**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STICKY FINGERS RESTAURANTS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>STICKY'S HOLDINGS, LLC,<br><br>Defendant. | Case No. 22-cv-5606<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Sticky Fingers Restaurants, LLC ("**Plaintiff**"), by and through its attorneys, Tarter Krinsky & Drogin LLP, for its Complaint against Defendant Sticky's Holdings, LLC ("**Defendant**"), alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114(1); unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and trademark dilution under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); all arising out of Defendant's intentional adoption and unauthorized use of the mark STICKY'S FINGER JOINT in connection with restaurant services and related products that is confusingly similar to Plaintiff's brand and registered trademark STICKY FINGERS for restaurant services.

**THE PARTIES**

2. Plaintiff is a limited liability company organized and existing under the laws of the State of Delaware, with a principal place of business at 311 Johnnie Dodds Blvd., Mt. Pleasant, South Carolina.

3. Upon information and belief, Defendant is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business located at 21 Maiden Lane, New York, New York.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338, and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367.

5. This Court has personal jurisdiction over Defendant as Defendant has its principal place of business in this District and conducts significant business operations in this District.

6. Venue properly lies in this District pursuant to 28 U.S.C. § 1391(b) and (c). because Defendant has its principal place of business in this District, is transacting and doing business in this District, and is committing the acts complained of herein within this District.

**FACTS COMMON TO ALL CLAIMS**

7. Plaintiff is the owner of the valid and subsisting U.S. Registration No. 2,379,701 on the principal register in the United States Patent and Trademark Office ("PTO") for the trademark STICKY FINGERS for restaurant services, bar and catering services. U.S. Registration No. 2,379,701 issued August 22, 2000, and is incontestable pursuant to 15 U.S.C. § 1065. A true and correct copy of the STICKY FINGERS trademark registration is attached hereto as **Exhibit 1.**

8. For the past thirty (30) years, starting long before Defendant was incorporated, Plaintiff and its predecessors in interest have continuously used the name STICKY FINGERS in connection with restaurant services.

9. The first STICKY FINGERS restaurant opened in 1992. Since 1992, Plaintiff and its predecessors in interest have, at various times, owned and operated sixteen (16) STICKY FINGERS restaurants.

10. Plaintiff presently owns and operates STICKY FINGERS restaurants in Tennessee and South Carolina. Plaintiff intends to open other STICKY FINGERS restaurant locations in the Southeast and Northeast, including in New York City, New York. Plaintiff's restaurants are commonly referred to by the public and social media as "STICKY FINGERS".

11. Over the years, STICKY FINGERS restaurants have become a highly acclaimed source of barbeque, attracting a United States President as a customer. A true and correct copy of a photo of President George W. Bush carrying STICKY FINGERS "food to go" is attached as **Exhibit 2**.

12. The STICKY FINGERS restaurants have been the recipient of numerous favorable reviews on *Tripadvisor* and *Google*. All of these reviews were unsolicited. They were not requested or paid for by Plaintiff.

13. Plaintiff has strong common law rights, as well as federal statutory rights, to the STICKY FINGERS mark resulting from its widespread, continuous and exclusive use of the STICKY FINGERS mark to identify its restaurant services and Plaintiff as their source.,

14. The STICKY FINGERS mark is distinctive to both the consuming public and Plaintiff's trade.

15. Based on its federal registration and its strong common law rights, Plaintiff owns the exclusive right to use the STICKY FINGERS mark in commerce in connection with restaurant, bar, and catering services.

16. Plaintiff's extensive and widespread use and promotion of the STICKY FINGERS mark, and the mark's distinctiveness, have caused Plaintiff's STICKY FINGERS mark to become a famous trademark within the meaning of Section 43(c) of the Lanham Act. 15 U.S.C. § 1125 (c). Plaintiff's STICKY FINGERS mark became famous prior to the acts of the Defendant alleged herein.

17. As a result of the long term use and acclaim of the STICY FINGERS mark in connection with the restaurant services provided by Plaintiff, the STICKY FINGERS mark and the restaurant services under the STICKY FINGERS mark became and have continued to be recognized by consumers as being of the highest quality. As a result, the STICKY FINGERS mark and goodwill associated therewith are of tremendous value.

**DEFENDANT'S INFRINGING ACTIVITY**

18. Upon information and belief, Defendant was incorporated in Delaware on or about March 20, 2012.

19. At the time that Defendant was incorporated in March 2012, Plaintiff was an active business entity incorporated in Delaware on December 19, 2011.

20. Upon information and belief, approximately two decades after Plaintiff and its predecessors in interest began using the STICKY FINGERS mark and long after the STICKY FINGERS mark became famous and acquired secondary meaning, Defendant, with actual and constructive knowledge of Plaintiff's prior use of the STICKY FINGERS mark, began operating a restaurant under the name STICKY'S FINGER JOINT in New York City, New York.

21. Upon information and belief, Defendant, knowing of Plaintiff's valid, subsisting and incontestable registration of the STICKY FINGERS mark and Plaintiff's prior rights in the mark, sought to obtain federal trademark registrations for variants of the name STICKY'S

FINGERS JOINT that Defendant did not actually use in connection with its restaurant services. Upon information and belief, Defendant did this to avoid the PTO's refusal of Defendant's applications in light of Plaintiff's registration and to avoid raising Plaintiff's awareness of Defendant's use of a confusingly similar name on its restaurant.

22. On April 6, 2012, Defendant applied to register with the PTO the mark "FINGER JOINT" for restaurant services, identifying the date of first use of the mark in commerce as March 10, 2012. Shortly thereafter, on April 12, 2012, Defendant applied to register with the PTO the mark STICKY'S for "juices and juice flavored beverages", identifying the date of first use in commerce as March 22, 2012.

23. On July 27, 2012, the PTO issued two Office Actions, rejecting each of Defendant's trademark applications.

24. On July 27, 2012, the PTO issued a rejection of Defendant's application to register the mark "FINGER JOINT" because it did not show use of the mark with restaurant services as of the filing date.

25. Also on July 27, 2012, the PTO issued a rejection of Defendant's application to register the mark "STICKY'S" based, *inter alia*, on the likelihood of confusion with a pending application for "DOUBLE TALL STICKEY" for "soft drinks".

26. After Defendant failed to respond to either July 27, 2012, Office Action, Defendant's applications to register the marks "FINGER JOINT" and "STICKY'S" went abandoned and were never revived.

27. Upon information and belief, in July 2014, Defendant opened a second restaurant in New York City, New York, under the name STICKY'S FINGER JOINT. Upon information and belief, despite its actual and constructive knowledge of Plaintiff's STICKY FINGERS restaurants,

of Plaintiff's prior rights to the mark STICKY FINGERS, and of Plaintiff's registered trademark for STICKY FINGERS for restaurant services, Defendant continued to use the name STICKY'S FINGER JOINT in connection with both of its restaurants.

28. Upon information and belief, after its aborted attempts in 2013 to register the trademarks FINGER JOINT for restaurant services and STICKY'S for juice and juice flavored beverages, Defendant then waited until 2018 to file another application to register a trademark with the PTO for its restaurant services.

29. On January 24, 2018, Defendant applied to register with the PTO the name "STICKY'S. THE FINGER JOINT" for "restaurant services, catering services and take away food services". Defendant identified January 23, 2018, the day before it filed the application, as the date of first use of the "STICKY'S. THE FINGER JOINT" trademark in commerce.

30. In its application to register the mark STICKY'S. THE FINGER JOINT, Defendant indicated that it had used the mark in commerce "in a different form other than that sought to be registered" as early as March 22, 2012. Defendant stated that a portion of its mark, STICKY'S FINGER JOINT, had become distinctive under Section 2(f) based on "applicant's substantially exclusive and continuous use" of the term for at least five years.

31. On May 10, 2018, the PTO rejected the application to register STICKY'S. THE FINGER JOINT because the mark was confusingly similar to Plaintiff's STICKY FINGERS registered trademark for the identical restaurant and catering services, as well as confusingly similar to the STICKYZ registered trademark owned by a third party.

32. Responding on November 9, 2018, to the PTO's May 10, 2018, Office Action, Defendant sought to distinguish STICKY'S.THE FINGER JOINT from Plaintiff's STICKY FINGERS trademark based on the difference in the number of words and syllables in each of the

marks, and the inclusion of punctuation and the word JOINT in Defendant's mark. Defendant argued that these differences resulted in differences in appearance, sound and meaning between Plaintiff's registered mark STICKY FINGERS and the STICKY'S. THE FINGER JOINT mark.

33. Defendant further argued that "STICKY" had been afforded "at best" a narrow scope of protection by the PTO, citing various approved trademark applications and registered trademarks containing the word "STICKY", including the marks STICKY CHICKEN and STICKY CHICKEN and design for restaurant and bar services.

34. Based on Defendant's November 9, 2018, response to the May 10, 2018, Office Action, the PTO withdrew its rejection.

35. Defendant's trademark STICKY'S THE FINGER JOINT was registered with the PTO on March 19, 2019, for "restaurant services, catering services, and take away food services, namely, take out restaurant services, Registration No. 5,700,786."

36. A few weeks later, on April 3, 2019, Defendant filed Notices of Opposition to the applications to register the STICKY CHICKEN trademark and the STICKY CHICKEN and design mark for restaurant and bar services, claiming that the marks STICKY CHICKEN and STICKY CHICKEN and design were confusingly similar to STICKY'S. THE FINGER JOINT.

37. Defendant's Notices of Opposition to the registration of the STICKY CHICKEN marks did not identify any substantive basis for the allegation of confusing similarity beyond the facial similarity between the applied for STICKY CHICKEN trademarks and Defendant's registered trademark.

38. Defendant's argument that the STICKY CHICKEN marks are confusingly similar to Defendant's STICKY'S. THE FINGER JOINT mark directly contradicts its prior position

before the PTO that its mark is not confusingly similar to Plaintiff's registered STICKY FINGERS trademark.

39. Despite arguing to the PTO that trademarks with the word STICKY are given a narrow scope of protection, specifically citing, *inter alia*, an approved application for STICKY CHICKEN, Defendant's Notices of Opposition claimed that the STICKY CHICKEN marks are confusingly similar to Defendant's STICKY'S. THE FINGER JOINT registered trademark when the only similarity between Defendant's mark and the STICKY CHICKEN marks is the word STICKY.

40. The STICKY CHICKEN mark consists of two words and four syllables, does not include the word JOINT, and lacks the punctuation mark appearing in STICKY'S. THE FINGER JOINT. These are the features of the STICKY FINGERS registered trademark cited by Defendant as obviating any likelihood of confusion between the marks STICKY'S. THE FINGER JOINT and Plaintiff's STICKY FINGERS trademark.

41. The STICKY CHICKEN and design mark includes both the word STICKY and a logo, the latter an additional feature differentiating it from Defendant's registered trademark STICKY'S. THE FINGER JOINT.

42. Having opposed the applications to register the trademarks STICKY CHICKEN and STICKY CHICKEN with a design as confusingly similar to its STICKY'S. THE FINGER JOINT trademark based solely on the word STICKY, Defendant cannot continue to contend there is no likelihood of confusion between STICKY'S. THE FINGER JOINT or STICKY'S FINGER JOINT and Plaintiff's registered trademark STICKY FINGERS.

43. Defendant has continued to open restaurants under the name STICKY'S FINGER JOINT, rather than under its registered mark, STICKY'S. THE FINGER JOINT.

44. STICKY'S FINGER JOINT, not STICKY'S. THE FINGER JOINT, appears on Defendant's restaurants. True and correct copies of pictures of Defendant's restaurants using the infringing mark STICKY'S FINGER JOINT are attached as **Exhibits 3 and 4.**

45. STICKY'S FINGER JOINT, not STICKY'S. THE FINGER JOINT, also appears on Defendant's social media sites. True and correct copies of Defendant's Instagram and Facebook pages are attached as **Exhibits 5 and 6**

46. Goldbelly is an online marketplace selling regional and artisanal foods from purveyors throughout the United States. Defendant's products are now sold under the STICKY'S FINGER JOINT mark nationwide from the goldbelly.com website. A true and correct copy of the Goldbelly website advertising and marketing Defendant's food is attached as **Exhibit 7.**

47. Upon information and belief, Defendant never sought to register the infringing trademark STICKY'S FINGER JOINT with the PTO, despite being the mark Defendant actually uses with its restaurants, because Defendant knew its trademark would be rejected by the PTO as confusingly similar to Plaintiff's registered trademark and that Defendant would not be able to overcome that rejection.

48. Defendant could not make the same argument to the PTO to distinguish STICKY'S FINGR JOINT from Plaintiff's trademark based on the different number of words, syllables, and punctuation that Defendant did to distinguish the STICKY'S. THE FINGER JOINT mark.

49. In early 2020, Plaintiff discovered that there were multiple locations of restaurants with the name STICKY'S FINGER JOINT in the New York area, a name confusingly similar to its STICKY FINGERS registered mark and brand.

50. As a result, Plaintiff's counsel, on May 13, 2020, sent a letter to Defendant demanding that Defendant cease using that mark. A true and correct copy of the May 13, 2020, letter is attached hereto as **Exhibit 8.**

51. After further communications between Plaintiff's and Defendant's counsel, Plaintiff's counsel sent a letter to Defendant's counsel on December 15, 2021, again demanding that Defendant cease using STICKY'S FINGER JOINT and STICKY'S. THE FINGER JOINT. A true and correct copy of the December 15, 2021, letter is attached as **Exhibit 9.**

52. To date, Defendant has not ceased using STICKY'S FINGER JOINT and STICKY'S. THE FINGER JOINT in connection with its restaurants and food products. Instead, without authorization, it continues to do business under the STICKY'S FINGER JOINT and STICKY'S. THE FINGER JOINT names and marks, and to use the STICKY'S FINGER JOINT mark on social media.

53. Defendant's infringing acts as alleged herein have resulted in confusion among restaurant customers. True and correct copies of examples of social media posts by restaurant customers referring to Defendant's restaurants using Plaintiff's registered trademark STICKY FINGERS, rather than STICKY'S FINGER JOINT or STICKY'S. THE FINGER JOINT, are attached as **Exhibit 10.**

54. Defendant's acts are causing, and will continue to cause, damage and irreparable harm to Plaintiff and to its valuable reputation and goodwill with the consuming public unless enjoined by this Court.

**FIRST CAUSE OF ACTION**
**(TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114)**

55. Plaintiff repeats and realleges the allegations of Paragraphs 1- 54 of the Complaint as if fully set forth herein.

56. The acts of Defendant described above constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

57. Plaintiff is the owner of valid and protectible rights in the STICKY FINGERS registered trademark.

58. Defendant's unauthorized use and promotion of STICKY'S. THE FINGER JOINT and STICKY'S FINGER JOINT, or colorable imitations thereof, in connection with offering and providing services that are identical or nearly identical to the services covered by the STICKY FINGERS trademark registration has caused, and is likely to continue to cause, confusion, mistake, and deception on the part of consumers as to the source, nature and quality of the services Defendant is offering, constituting trademark infringement in violation of 15 U.S.C. § 1114.

59. Upon information and belief, Defendant has committed the foregoing acts of infringement with full knowledge of Plaintiff's prior rights in the STICKY FINGERS trademark.

60. As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has been, is now, and will be irreparably injured and damaged by Defendant's acts and, unless Defendant is enjoined by the Court, Defendant will continue to cause irreparable harm and further damage to Plaintiff, and to its business, reputation, and goodwill, and will continue to confuse the public. This harm constitutes an injury for which Plaintiff has no adequate remedy at law.

61. Upon information and belief, Defendant has willfully infringed Plaintiff's rights in the STICKY FINGERS trademark, causing Plaintiff to suffer monetary damages in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**
**(UNFAIR COMPETITION UNDER 17 U.S.C. § 1125(a))**

62. Plaintiff repeats and realleges the allegations of Paragraphs 1 - 61 of the Complaint as if fully set forth herein.

63. In addition to its federal trademark registration, Plaintiff owns and enjoys valid, enforceable and fully subsisting common law trademark rights in the STICKY FINGERS mark throughout the United States.

64. Defendant's use of the marks STICKY'S FINGER JOINT and STICKY'S. THE FINGER JOINT is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's services, and is likely to cause consumers to believe, contrary to fact, that Defendant's services are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendant is in some way affiliated with or sponsored by Plaintiff or, in the alternative, that Plaintiff's services are sold, authorized, endorsed, or sponsored by Defendant, or that Plaintiff is in some way affiliated with or sponsored by Defendant.

65. Defendant's unauthorized use in commerce of the STICKY'S FINGER JOINT and STICKY'S. THE FINGER JOINT marks constitutes a false designation of origin, a false and misleading description and representation of fact, and unfair competition in violation of 15 U.S.C. § 1125(a).

66. Defendant's use of the names STICKY'S FINGER JOINT and STICKY'S. THE FINGER JOINT has caused and, unless enjoined, will continue to cause irreparable harm and damage to Plaintiff and its business, reputation, and goodwill and will continue to damage Plaintiff and confuse the public unless enjoined by this Court. Plaintiff has no adequate remedy at law.

67. Plaintiff is entitled to, among other relief, injunctive relief and an award of monetary damages in an amount to be determined at trial, enhanced damages and profits, and reasonable attorneys' fees and costs of the action, under Section 34 and 35 of the Lanham Act, 15 U.S.C. §§1116 and 1117, together with prejudgment and post judgment interest.

**THIRD CAUSE OF ACTION**
**(DILUTION UNDER 17 U.S.C. § 1125(c))**

68. Plaintiff repeats and realleges the allegations of Paragraphs 1 - 67 of the Complaint as if fully set forth herein.

69. Plaintiff's STICKY FINGERS mark is a distinctive mark that has been in use by Plaintiff and its predecessors in interest for many years. The STICKY FINGERS mark has gained widespread public recognition, and the services offered under the mark are immediately identified with Plaintiff.

70. Plaintiff's STICKY FINGERS mark is famous and distinctive within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), and had become distinctive and famous prior to Defendant's first use of the confusingly similar names STICKY'S FINGER JOINT and STICKY'S. THE FINGER JOINT.

71. Defendant's use in commerce of the confusingly similar marks to Plaintiff's mark, as alleged herein, dilutes, is likely to dilute, and will, unless enjoined, continue to dilute the distinctive quality of Plaintiff's famous STICKY FINGERS mark, and lessen the capacity of the mark to identify Plaintiff's services.

72. As a result of Defendant's wrongful conduct, Plaintiff has been, is now, and will be irreparably injured and damaged and, unless Defendant is enjoined by the Court, Plaintiff will suffer further harm to its business, reputation, and goodwill. This harm constitutes an injury for which Plaintiff has no adequate remedy at law.

73. Defendant's use in commerce of the confusingly similar marks STICKY'S FINGER JOINT and STICKY'S. THE FINGER JOINT has caused Plaintiff to suffer monetary damages in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**
**(CANCELLATION OF DEFENDANT'S REGISTRATION NO. 5,700,786)**

74. Plaintiff repeats and realleges the allegations contained in Paragraph 1 - 73 of the Complaint as if fully set forth herein

75. Pursuant to Section 37 of the Lanham Act, 15 U.S.C. § 1119, the district court may order the cancellation of a trademark registration in any action involving the registered mark

76. Defendant owns federal trademark registration No. 5,700,786 for the mark STICKY'S. THE FINGER JOINT in connection with restaurant, catering and take away food services.

77. Defendant's promotion, marketing, and operation of restaurant businesses under the name and mark STICKY'S. THE FINGER JOINT give the false and misleading impression that the goods and services offered or sold by Defendant and Plaintiff originate with or under the control of a single source, or are endorsed by a single source, or that Defendant is in some way associated with, connected, or related to Plaintiff.

78. As a direct and proximate result of Defendant's continued registration of STICKY'S. THE FINGER JOINT, Plaintiff is now and will continue to be irreparably harmed by the mark's false connection to Plaintiff's restaurant services. Unless Registration No 5,700,786 is canceled by order of the Court, Plaintiff will suffer further harm to its reputation and goodwill, for which there is no adequate remedy under the law.

**REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiff hereby demands a judgment:

(1) Issuing a permanent injunction enjoining Defendant, and all persons in active participation with it, from:

a. using the STICKY'S. THE FINGER JOINT and STICKY'S FINGER JOINT marks, or any other similar name or trademark that is confusingly similar to the STICKY FINGERS mark, in connection with the sale, offering for sale, promotion, advertising, marketing and provision of restaurant services or related food products;

b. conducting any activities that are likely to cause confusion or mistake in the minds of the public or to lead others to believe that Defendant's services or products come from or are the services or products of Plaintiff, or are somehow sponsored by or associated with Plaintiff;

c. otherwise competing unfairly with Plaintiff;

d. engaging in any activity that is likely to dilute the distinctiveness of Plaintiff's STICKY FINGERS trademark, conducting any activities that are likely to cause confusion or mistake in the minds of the public or to lead others to believe that Defendant's services or products come from or are the services or products of Plaintiff, or are somehow sponsored by or associated with Plaintiff;

(2) Canceling Defendant Sticky's Holdings LLC's Registration No. 5,700,786 for the STICKY'S. THE FINGER JOINT trademark;

(3) Awarding Plaintiff all monetary damages, pursuant to 15 U.S.C. § 1117, including reasonable attorneys' fees and costs, which Plaintiff has sustained as a

consequence of Defendant's trademark infringement, unfair competition and dilution in violation of 15 U.S.C. §§ 1114 and 1125(a) and (c);

(4) Awarding Plaintiff enhanced damages, pursuant to 15 U.S.C. § 1117(a), due to Defendant's willful and intentional violation of Plaintiff's rights under the Lanham Act;

(5) Awarding pre and post judgment interest, and

(6) Granting such other and further relief as the court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury.

Dated: New York, New York
June 30, 2022

TARTER KRINSKY & DROGIN LLP

By: *s/ Janet B. Linn*
David S. Wander
Janet B. Linn
TARTER KRINSKY & DROGIN
1350 Broadway
New York, New York

*Attorneys for Plaintiff Sticky Fingers Restaurants, LLC*