UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
STICKY FINGERS RESTAURANTS, LLC,   :
:  **MEMORANDUM ORDER**
Plaintiff,   :
:  22-CV-5606 (JPC) (JLC)
-v-   :
:
STICKY'S HOLDINGS, LLC,   :
:
Defendant.   :
------------------------------------------------------------X

**JAMES L. COTT, United States Magistrate Judge.**

The parties have requested a further extension of the fact discovery deadline in this trademark case until December 8, 2023, and they do so in part because they have a dispute about the timing and sequence of certain depositions that defendant wishes to take. By letter-motion dated November 3, 2023 (Dkt. No. 64), defendant has requested a pre-motion conference, but the Court has concluded that a conference would not shed light on the issues presented and it can decide them without a conference.

In short, defendant wishes to take the deposition of plaintiff's chief executive officer, Alex Daunter, both on behalf of the corporation under Rule 30(b)(6) of the Federal Rules of Civil Procedure, and under Rule 30(b)(1) in his individual capacity. Defendant also wishes to depose plaintiff's chief restructuring officer, Tom O'Shea, and its chief operating officer, Karen Williams, both of whom apparently report to Daunter. Defendant wishes to take these depositions in any order it chooses and requests that the Court compel plaintiff to cooperate in providing witness

availability. Plaintiff counters that Daunter's 30(b)(6) deposition should proceed first, followed by his 30(b)(1) deposition, and then following these depositions the parties should "reassess the situation" to determine whether the depositions of O'Shea and Williams need to take place. Plaintiff's Letter dated November 7, 2023, at 3 (Dkt. No. 65). Plaintiff contends that proceeding otherwise would lead to "unnecessary and duplicative testimony." *Id*.

It is well-established that a motion to compel is "left to the court's sound discretion." *Mirra v. Jordan*, No. 13-CV-5519 (AT) (KNF), 2016 WL 889683, at *2 (S.D.N.Y. Feb. 23, 2016) (citing *Grand Cent. P'ship, Inc. v. Cuomo*, 166 F.3d 473, 488 (2d Cir. 1999)). Moreover, "[a] district court has broad latitude to determine the scope of discovery and to manage the discovery process." *Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp., Inc.*, 328 F.R.D. 450, 452 (S.D.N.Y. 2018) (alteration in original) (quoting *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012)). This includes the sequencing of discovery. *See, e.g., Meisch v. Fifth Transoceanic Shipping Co. Ltd.,* No. 94-CV-683 (DAB), 1994 WL 582960, at *1 (S.D.N.Y. 1994) (citing *Cruden v. Bank of New York,* 957 F.2d 961, 972 (2d Cir. 1992)).

Having reviewed the parties' submissions, the Court is not persuaded that any sequencing of Daunter's depositions is appropriate. Accordingly, defendant is free to proceed either with the 30(b)(1) individual capacity deposition first, followed by the corporate designee 30(b)(6) deposition, or vice-versa. Since it appears that the parties have agreed that these depositions will proceed on successive days, it

should not matter to the parties in what order they take place.  In any event, plaintiff has not sought a protective order, nor would the Court grant one on the present record, to require that the 30(b)(6) deposition proceed first.  Notably, plaintiff has not cited any authority to suggest that its proposed sequencing is required as a matter of law.

In addition, plaintiff has made only conclusory statements to support its assertion that the depositions of O'Shea and Williams would be duplicative of Daunter's testimony.   Plaintiff identified both of these individuals as having responsive information in its interrogatory responses.  The purpose of such interrogatories is precisely to identify who would be appropriate candidates for deposition.  And while it is certainly possible that there may be some overlap in the deposition testimony of O'Shea and Williams with that of Daunter, that fact alone is insufficient to preclude those depositions from going forward.  Frankly, the Court has no way of knowing whether there will be duplication or not—nor could defense counsel—and a pre-motion conference would not illuminate the subject.

Unlike in *Consolidated Rail Corp. v. Primary Industries Corp.*, No. 92-CV-4927 (PNL) (JCF), 1993 WL 364471, at *1 (S.D.N.Y. Sept. 10, 1993), and *Treppel v. Biovail Corp.*, No. 03-CV-3002 (PKL) (JCF), 2006 WL 468314, at *2 (S.D.N.Y. Feb. 28, 2006), cases relied on by plaintiff, where the court granted protective orders because company executives disclaimed personal knowledge of the underlying facts and signed affidavits to that effect, plaintiff has not presented this Court with similar affidavits from O'Shea and Williams.  And it appears it could not since

3

plaintiff has identified them as individuals with knowledge of the claims and defenses in this case. Indeed, even where high ranking corporate officials such as O'Shea and Williams deny personal knowledge of the issues at hand—which is not the case here—such a claim still "is subject to testing by the examining party." *Haber v. ASN 50th St., LLC*, 272 F.R.D. 377, 383 (S.D.N.Y. 2011) (citations omitted).

Finally, this is not a case where plaintiff has contended that O'Shea and Williams have such busy schedules that they should not be deposed. In any event, that, in and of itself, would not be persuasive as "highly-placed executives are not immune from discovery." *See, e.g., Consol. Rail. Corp.*, 1993 WL 364471, at *1. Nor has plaintiff argued that their depositions would constitute harassment or cause an interruption in business operations. The fact is that in this highly contentious case, taking three depositions of plaintiff's executives in their individual capacities and one corporate deposition is not excessive. The Court has considered plaintiff's other arguments and finds them to be without merit.[1]

---

[1] In *Consolidated Rail Corp.*, defendant served 10 deposition notices and plaintiff agreed to produce 7 witnesses and sought a protective order for the other 3, each of whom submitted affidavits attesting that they had no personal knowledge of the facts. 1993 WL 364471, at *1. Here, the three witnesses noticed for deposition—Daunter, O'Shea, and Williams—are the only ones that plaintiff identified as having knowledge of the facts and circumstances underlying the complaint. Given that only three fact witnesses have been identified, the Court believes that these three depositions are proportional to the needs of the case as required by Rule 26(b)(1) and defendant has met its burden to justify these depositions. Plaintiff sets up a straw man by suggesting that defendant has not shown what <u>unique</u> knowledge O'Shea and Williams possess when it is impossible for defendant to do so without deposing them.

Accordingly, the Court overrules plaintiff's objections to proceeding with the depositions of Daunter, O'Shea, and Williams, and directs the parties to work out a mutually convenient deposition schedule for counsel and the witnesses.

The Court hereby grants a further fact discovery extension until **December 8, 2023**.  <u>There will be no further extensions under any circumstances</u>.  The next conference in this case will take place on **December 12, 2023 at 11:00 a.m.** by telephone, at which the Court will discuss whether there will be any expert discovery, whether further efforts at settlement would be appropriate at that time, and what dispositive motions, if any, are contemplated.  The parties should use the Court's conference line at 877-873-8017 (access code: 5277586).

The Clerk is respectfully directed to close Docket No. 64 and mark it as granted.

**SO ORDERED.**

Dated: November 9, 2023
      New York, New York

JAMES L. COTT
United States Magistrate Judge